IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHELSIE BAILEY, et al.,

    Plaintiffs,

v.                                  CASE NO. 5:12-cv-104-RS-CJK

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER

Before me is Defendant United States of America's Motion to Dismiss the Ham and Wester Bellwether Plaintiff's Claims for Lack of Subject Matter Jurisdiction (Doc. 72).

## Standard of Review

Rule 12(b)(1) and Rule 12(h)(3) of the Federal Rules of Civil Procedure require dismissal of claims "[i]f the court determines at any time that it lacks subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). When evaluating a Fed.R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on factual grounds, "as opposed to a facial challenge based merely on the allegations in the complaint," the court is not "obligated to take the allegations in the complaint as true." *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011). Rather, the court may

1

"consider extrinsic evidence such as deposition testimony[,]" and "may independently weigh the facts" without the constraint of viewing the facts "in the light most favorable to the non-movant." *Id.*

Notwithstanding a valid Rule 12(b)(1) motion for lack of subject matter jurisdiction, if the determination of whether the court has subject-matter jurisdiction is inextricably intertwined with facts relevant to the merits of the case, a court must construe a motion to dismiss as a Rule 56 motion for summary judgment. *Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-30 (11th Cir. 1990)). The issue raised in Defendant's motion to dismiss is whether certain plaintiffs filed administrative claims in a timely fashion. None of these determinations require facts relevant to the merits of Plaintiffs' claims. Accordingly, the summary judgment standard will not be applied, and I will resolve the jurisdictional issues of fact on the motion to dismiss.

## **Background**

Each of the Ham and Wester bellwether plaintiffs is the spouse or child of a current or former correctional officer at the federal prison in Marianna, Florida. Complaint, ¶ 31. At the federal prison, some of the prisoners worked for a recycling program run by UNICOR, which is a government corporation within the Bureau of Prisons. *Id.* at ¶¶ 23 & 30; C.F.R § 345.11(a). UNICOR's purpose is

"to provide work simulation programs and training opportunities for inmates confined in Federal correctional facilities." 28 C.F.R § 345.11(a). At the federal prison in Marianna, UNICOR is engaged in the business of electronic recycling. Complaint, ¶ 24. As part of their duties, correctional officers were required to pat down inmates and often came into contact with the inmates' clothes and belongings. *Id.* at ¶ 30.

Plaintiffs allege that UNICOR, the Department of Justice, and the Bureau of Prisons willfully, recklessly, or negligently operated the recycling facility which caused Plaintiffs to be exposed to toxic dust on inmates' clothing and belongings, with which the correctional officers came into contact as part of their duties, and to which Plaintiffs were subsequently exposed when the officers "carr[ied] the dust . . . into their home and to their families." *Id.* at ¶¶ 25 & 30. In their single-count complaint, Plaintiffs allege a negligence claim against the United States based on the Federal Tort Claims Act and contend that the United States failed to abide by generally-accepted recycling industry protocols and OSHA regulations. *Id.* at ¶¶ 33-36.

## Analysis

Absent a waiver, the United States, as sovereign, may not be sued without its consent. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994). With the passage of the Federal Tort Claims Act ("FTCA"), that consent was given

> . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346. That consent, however, is limited by the FTCA's statute of limitations which provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years after such claim accrues . . . .*" 28 U.S.C. § 2401(b) (emphasis added). "[U]nless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues[,]" a court will not have subject matter jurisdiction over the suit. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

Generally, the statute of limitations period is triggered and a claim under the FTCA accrues "at the time of the plaintiff's injury." *United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 358 (1979). However, "where [a] plaintiff would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted[,]" the court should apply the "diligence-discovery rule of accrual." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998). Under this rule, accrual is postponed until the plaintiff has or with reasonable diligence should have discovered the facts of both his injury and its connection with some act of the defendant. *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985).

Ruling on an FTCA claim involving contamination, the D.C. Circuit specifically held that the claim "accrue[s] when the plaintiff discovers or should have discovered contamination." *Loughlin v. United States*, 230 F. Supp. 2d 26, 39 (D.D.C. 2002). The court further explained that "'the statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.'" *Id.* at 40 (quoting *Zeleznik v. United States,* 770 F.2d 20, 23 (3d Cir.1985)). The Eleventh Circuit has similarly held that although a "claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim," such suspicion gives rise to a "duty to inquire into the possible existence of a claim in the exercise of due diligence." *McCullough v. United States*, 607 F.3d 1355, 1361 (11th Cir. 2010) (quoting *Kronisch v. United States,* 150 F.3d 112, 121 (2d Cir.1998)).

Where the injured plaintiff is a minor, the Eleventh Circuit will not toll the running of the FTCA statute of limitations. *See e.g., Burgess v. United States,* 744 F.2d 771, 774 (11th Cir. 1984); *Charmness v. United States,* 835 F.2d 1350 (11th Cir. 1988). Rather, the statute of limitations will begin to run when the "parent knows of the minor's injury and the cause thereof, for the parent's knowledge is imputed to the child." *McKewin v. United States,* 7 F.3d 224, at *2 (4th Cir. 1993).

The Defendant argues that Plaintiffs Olivia Ham, Abby Ham, Ripley Ham, Mygala Wester, and Ashton Wester should be dismissed because although they did file FTCA administrative claims on May 3, 2011, those claims were not timely filed. (Doc. 72-1). Plaintiff Olivia Ham is the wife of Brian Ham, who was employed at the prison from February 9, 2003 to January 12, 2006. *Id. a*t 8. Plaintiffs Abby and Ripley Ham are their daughters. *Id.* Similarly, Plaintiff Mygala Wester is the wife of Marty Wester, who has been employed by the prison from 1995 to present. *Id.* at 11. Ashton Wester is their daughter. *Id.*[1] In deposition, both Plaintiff Olivia Ham and Plaintiff Mygala Wester testified that they actually knew of both their injuries and the government's possible role in causing it more than two years prior to filing their administrative claims. Their knowledge of the injuries and cause thereof will be imputed to the minor children.

During deposition, Plaintiff Olivia Ham testified that from 2004 to the present she has suffered from multiple injuries and symptoms attributable to exposure to toxic materials from FCI Marianna. (Doc 72, Ex. O at 27:16 – 28:15, 30:24 – 31:20, 33:8-16, 35:14 – 37:8, 39:25 -40:8). Additionally, she testified that Plaintiff Abby Ham has "no known injuries," and "doesn't have anything wrong with her at this time." *Id.* at 16:13-24, 99:23-25. However, according to Plaintiff

---

[1] Plaintiff's complaint (Doc. 1) lists Ashton West as a plaintiff in the heading and Ashton Wester as a plaintiff in paragraph 19 of the complaint. Ashton Wester will be construed as being Ashton West (Doc. 72, Ex. T).

Olivia Ham, since her birth in 2004, Plaintiff Ripley Ham has suffered from multiple injuries that are attributable to exposure to toxic materials from FCI Marianna. *Id.* at 40:24 43:17, 47:11 – 49:8, 52:22 – 53:20, 54:6-16. Plaintiff Olivia Ham further testified that believing the toxic materials associated with FCI Marianna were the cause of hers and Plaintiff Ripley Ham's injuries, by January 2006 her husband and she began to take preventative measures to reduce further exposure of the family to the toxic materials. *Id.* at 56:11 – 57:18, 62:21 – 64:5. Despite their knowledge of their injury and its connection with some act of the defendant by January 2006, Plaintiffs Olivia Ham, Abby Ham, and Ripley Ham did not file an administrative claim until May 3, 2011. (Doc 72, Ex. Q). Accordingly, Plaintiffs Olivia Ham, Abby Ham, Ripley Ham are dismissed for failure to timely file a FTCA administrative claim pursuant to 28 U.S.C. § 2401(b).

Similarly, Plaintiff Mygala Wester testified during deposition that from 1995 to 1996 she suffered from symptoms and injuries attributable to exposure to toxic materials from FCI Marianna. (Doc. 72, Ex. S at 10.2 -10.6; Ex. R at 65:11-19). Plaintiff Ashton Wester also testified that from 1999 to the present she has suffered from various injuries and conditions attributable to exposure to toxic materials from FCI Marianna. (Doc. 72, Ex. T at 10:9-16, 13:8 – 15:22). Although Plaintiff Mygala Wester connected hers and Plaintiff Ashton Wester's symptoms and injuries with exposure to toxic materials from FCI Marianna in 2003, Ex. R at 36:7

– 38:17, 39:23 – 40:8, 40:12 – 42:7; Ex. T at 67:8 – 68:15, they did not file an administrative claim until May 3, 2011. Ex. V. Accordingly, Plaintiffs Mygala Wester and Ashton Wester are dismissed for failure to timely file a FTCA administrative claim pursuant to 28 U.S.C. § 2401(b).

## Conclusion

Defendant United States of America's Motion to Dismiss the Ham and Wester Bellwether Plaintiff's Claims for Lack of Subject Matter Jurisdiction (Doc. 72) is **GRANTED**. Accordingly, the claims of Plaintiffs Olivia Ham, Abby Ham, Ripley Ham, Mygala Wester, and Ashton Wester (West) are **dismissed with prejudice**.

**ORDERED** on August 21, 2013.

                                      **/s/ Richard Smoak**
                                      **RICHARD SMOAK**
                                      **UNITED STATES DISTRICT JUDGE**